IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:93-CR-130-BO-7
NO. 5:14-CV-357-BO

| | |
|---|---|
| WILLIAM DANIELS, ) | |
|           Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|           Respondent. ) | |

This cause comes before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 51]. The government has moved to dismiss petitioner's § 2255 as, *inter alia*, second or successive. [DE 63]. The time for petitioner to reply has elapsed, though petitioner has not submitted a reply brief. For the following reasons, the government's motion is GRANTED and petitioner's motion is DISMISSED as second and successive.

## BACKGROUND

Petitioner, William Daniels, was sentenced by this court to a term of life imprisonment on May 23, 1994, following his conviction at trial. Mr. Daniels filed a direct appeal, and the Fourth Circuit Court of Appeals affirmed Mr. Daniels's conviction and sentence on February 13, 1996. Mr. Daniels filed a petition for certiorari in the United States Supreme Court which was denied on April 15, 1996. Mr. Daniels then filed his first § 2255 motion on April 7, 1997. This motion was dismissed by order entered July 14, 1997. Mr. Daniels appealed, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal by opinion entered August 3, 1998.

Mr. Daniels filed the instant motion to vacate on June 17, 2014, challenging his original sentence of life imprisonment pursuant to the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The government filed a motion to dismiss.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider such a petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

The instant motion attacks the same conviction and sentence as was challenged by Mr. Daniels's first motion to vacate. Therefore, the instant motion to vacate is properly construed as a second or successive § 2255 petition and the Court is without jurisdiction to consider it in the absence of pre-filing authorization from the Fourth Circuit Court of Appeals. Mr. Daniels has not obtained said authorization, therefore this Court lacks jurisdiction to consider his claims. Accordingly, his motion is dismissed.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by

demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 63] is GRANTED and petitioner's motion to vacate [DE 51] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 5 day of December, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE