IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:93-CR-130-BO
No. 5:16-CV-581-BO

| | |
|---|---|
| WILLIAM DANIELS,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)    O R D E R<br>)<br>)<br>)<br>) |

This cause comes before the Court on respondent's motion to lift the stay and to dismiss petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 102]. The matter is ripe for disposition. For the reasons that follow, respondent's motion to lift the stay and dismiss petitioner's motion [DE 102] is GRANTED. Petitioner's motion under 28 U.S.C. § 2255 [DE 83] is DISMISSED.

## BACKGROUND

In March 1994, following a jury trial, petitioner was found guilty of conspiracy to possess with intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846. [DE 27]. In May 1994, the Court sentenced petitioner to life in prison. [DE 28]. In imposing the sentence, the Court adopted the mandatory sentencing guideline in the presentence report, finding that petitioner was a career offender. Plaintiff appealed and the Fourth Circuit affirmed. [DE 32].

In June 2016, petitioner filed the instant motion under 28 U.S.C. § 2255, arguing that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Court erred in calculating petitioner's mandatory guideline range. [DE 83]. In particular, petitioner argues that his state convictions for first-degree assault, second-degree assault, and assault with intent to cause physical injury to an

officer are not crimes of violence and may not serve as predicate offenses for a career offender enhancement.

In September 2017, the Court placed this matter in abeyance pending the issuance of mandate in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), *cert. denied*, 139 S. Ct. 14 (2018). [DE 101]. The mandate in *Brown* issued on March 6, 2018. In March 2018, the government moved to lift the stay on the Section 2255 proceedings and to dismiss petitioner's motion as untimely. No party opposes lifting the stay, but petitioner has filed a response opposing dismissal. [DE 109].

DISCUSSION

First, for good cause shown, the stay is lifted. The matter was held in abeyance until mandate issued in *United States v. Brown* and, in March 2018, that mandate issued.

Second, the government's motion to dismiss must be granted. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4). Here, because petitioner's motion to vacate his sentence was filed more than one year after his sentence became final, he must rely on 28 U.S.C. § 2255(f)(3).

Petitioner's motion rests on the Supreme Court's decision in *Johnson*. There, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague. Petitioner seeks to use the *Johnson* holding to find the language of the then-mandatory United States Sentencing Guidelines, under which he was determined to be a career offender, similarly unconstitutional. But the Fourth Circuit confronted—and rejected—this

2

identical argument in *Brown*. There, the Fourth Circuit held that "neither *Johnson*, nor *Beckles*, nor any other Supreme Court case has recognized the specific right on which Brown seeks to reply." *Brown*, 868 F.3d at 299. The Supreme Court has simply not recognized that the language of the Guidelines, though mirroring the residual clause in the ACCA, is similarly vague. Because the specific right that petitioner seeks to rely has not been recognized by the Supreme Court, petitioner's motion must be dismissed as untimely under 28 U.S.C. § 2255(f)(3). Respondent's motion is, therefore, granted.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, respondent's motion to lift the stay and to dismiss [DE 102] is GRANTED and petitioner's 28 U.S.C. § 2255 motion to vacate [DE 83] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this _10_ day of December, 2018.

_Terrence W. Boyle_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3